UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE, an individual,<br>Plaintiff,<br>v.<br>IGLOO PRODUCTS CORP.,<br>Defendant. | No. 2:25-cv-01526-JAM-CSK<br><br>**ORDER DENYING MOTION TO DISMISS** |

Plaintiff Gary Lee alleges his finger was pinched and severely injured by an Igloo-brand cooler while removing the cooler from the bed of his truck. Plaintiff theorizes that the accident was caused by an alleged design defect in the cooler and asserts claims for strict products liability and negligence as a result. The Court previously dismissed Plaintiff's claims, finding they were inadequately pled. Plaintiff has now amended his claims, and Defendant Igloo Products Corp. moves to dismiss Plaintiff's claims again, arguing Plaintiff fails to plead facts establishing the existence of any design defect and also fails to plead causation.

As discussed further below, the Court finds that Plaintiff's claims are sufficiently pled and denies Defendant's motion to dismiss.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The factual background of this case is well known to the Parties and is also set forth in this Court's prior Order granting dismissal of Plaintiff's First Amended Complaint. Order at 2-3, ECF No. 28. The Court will address Plaintiff's amended allegations in more detail as required below.

Plaintiff filed this lawsuit on June 2, 2026, previously alleging four causes of action in his First Amended Complaint for (1) Strict Products Liability – Design Defect; (2) Strict Products Liability – Failure to Warn; (3) Negligence/Negligent Products Liability – Negligent Design Defect; and (4) Negligence/Negligent Products Liability – Negligent Failure to Warn. ECF No. 22. The Court dismissed those claims with leave to amend on February 20, 2026, finding Plaintiff's claims were inadequately pled. Order at 4-10.

Plaintiff filed his operative Fourth Amended Complaint[1] on April 3, 2026, alleging two causes of action for (1) Strict Products Liability – Design Defect; and (2) Negligence/Negligent Products Liability – Negligent Design Defect. Fourth Am. Compl. ("FAC") ¶¶ 34-54, ECF No. 34. Defendant moved to dismiss Plaintiff's claims on April 17, 2026. Mot., ECF No. 35. The matter is fully briefed and was submitted without oral argument

[1] This is actually Plaintiff's third attempt at amending his claims; Plaintiff mistakenly titled his Second Amended Complaint as his Third Amended Complaint.

pursuant to Local Rule 230(g). Opp'n, ECF No. 36; Reply, ECF No. 37; ECF No. 39.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The court assumes all factual allegations are true and "construe[s] them in the light most favorable to the nonmoving party." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)). That said, if the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. Iqbal, 556 U.S. at 678. In the same vein, conclusory or "formulaic recitation[s] of the elements" do not alone suffice. Id. (internal quotations and citations removed). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id.

## III. OPINION

### A. Plaintiff Adequately Pleads the Existence of a Design Defect

The Court previously dismissed Plaintiff's strict liability and negligence claims premised on the existence of a design defect in the cooler, finding Plaintiff failed to adequately identify which design defect theory, the consumer expectations test or the risk-benefit test, he wished to utilize. Order at 4–6. The Court further held that Plaintiff's design defect allegations were "generally couched in conclusory language" which failed to describe how, "under the circumstances Plaintiff was handling the Cooler, the Cooler failed to meet the minimum safety expectations of an ordinary consumer" and which aspect of the cooler's design made it defective. Id. at 6–7. The Court granted Plaintiff leave to amend these claims. Id. at 9–10.

Plaintiff has amended these claims and now specifies that he brings his strict liability claim under the consumer expectations test. FAC ¶ 35. To meet this test, Plaintiff now alleges further details about the incident that caused his injury. On or about June 3, 2023, Plaintiff's family was having a small gathering to celebrate his niece's graduation. Id. ¶ 18. In preparation for the party, Plaintiff filled the cooler in question with about forty pounds of ice and beverages before loading the cooler into the back of his truck. Id. ¶ 19. After arriving at his niece's house, Plaintiff asked his cousin to help him unload the cooler. Id. ¶ 20. Plaintiff's cousin grabbed the

side with the "short" handle, while Plaintiff grabbed the side with the tow handle. Id. As Plaintiff and his cousin went to lift the cooler out of the truck, the tow handle pinched the fingers of Plaintiff's left hand against the body of the cooler. Id. ¶ 21. Plaintiff's left index finger immediately began gushing blood, and Plaintiff soon realized the cooler's tow handle had taken off the nail and a chunk of his left index finger. Id. ¶ 22.

Plaintiff alleges the incident occurred as a result of the defective design of the cooler, which allowed Plaintiff's hand to be pinched between the tow handle and cooler during the normal, foreseeable use of the product. Id. ¶ 24. Plaintiff further alleges that an ordinary, reasonable consumer would not expect the design of the cooler to allow a consumer's digits to become pinched between the tow handle and cooler during the normal, foreseeable use of the product, such as while unloading the cooler from the back of a truck. Id. ¶¶ 35, 37. Following Plaintiff's injury, 1,000,000 of Defendant's coolers, including the subject cooler, were recalled as a result of "12 reports of fingertip injuries, including fingertip amputations, bone fractures, and lacerations" due to the tow handle pinching consumers' fingertips against the coolers. Id. ¶ 26.

Defendant argues that these amended allegations do not save Plaintiff's claims, as Plaintiff "still fails to plead key details plausibly establishing that he actually removed the Cooler form [sic] his truck in a normal and foreseeable manner at the time of the Accident." Mot. at 4. Defendant identifies a laundry list of facts Plaintiff fails to allege about the

incident, including whether his truck bed was up or down; whether the tow handle was up or down; whether anything was on top of the cooler; where he placed his fingers when he attempted to remove the cooler; where he grabbed the cooler's handle; and whether he was standing in the truck bed or on the ground at the time of the accident. Id. Defendant argues that "[t]he allegations missing from the FAC are critical to plausibly establishing that [Plaintiff] was removing the Cooler from his truck in a normal and foreseeable manner at the time of the Accident." Id. at 4-5. Defendant further argues that "Plaintiff does not describe how — under the particular circumstances in which he was removing the Cooler from his truck — it failed to meet the minimum safety expectations of an ordinary consumer" as "there are any number of circumstances in which a consumer may anticipate pinching their finger if they are hapharzedly [sic] attempting to remove a heavy 90 quart cooler from the bed of a truck." Id. at 5.

The Court disagrees and finds that Plaintiff has adequately pled his claims. Both Plaintiff's strict liability and negligence claims are predicated on the existence of an alleged design defect in his cooler. Under California law, a design defect can be established in one of two ways: (1) the consumer expectations test or (2) the risk-benefit test. Lucas v. City of Visalia, 726 F. Supp. 2d 1149, 1154 (E.D. Cal. 2010). Plaintiff specifies that he proceeds only under the former.

Under the consumer expectations test, "a product is defective in design if it failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner." Smith v. Adobe Sys., Inc., No.

C-11-1480 EMC, 2011 WL 4404152, at *2 (N.D. Cal. Sept. 21, 2011). To satisfy this test, a plaintiff must plead that he or she was using the challenged "product in an intended or reasonably foreseeable manner." Id. Further, a plaintiff "'should *describe how* the [product] failed to meet the minimum safety expectations of an ordinary consumer' of [the product]." Lucas, 726 F. Supp. at 1155 (quoting Altman v. HO Sports Co., No. 1:09-cv-1000 AWI SMS, 2009 WL 4163512, at *8 (E.D. Cal. Nov. 23, 2009)) (emphasis in original).

First, the Court finds that Plaintiff plausibly pleads that he was using the cooler in an intended or reasonably foreseeable manner, as he alleges he was using the cooler to cool and transport beverages, had stored the cooler in his truck, and was attempting to remove the cooler from his truck when his finger was pinched between the cooler's tow handle and the cooler body. FAC ¶¶ 19-24. While Defendant quibbles with the lack of further detail in Plaintiff's allegations, the Court agrees with Plaintiff that "Defendant's desire for more information is better reserved for discovery." Opp'n at 7. Plaintiff's allegations are sufficient at this stage.

Second, the Court finds that Plaintiff adequately alleges how the cooler failed to meet the minimum safety expectations of an ordinary consumer, as Plaintiff alleges that an ordinary, reasonable consumer would not expect the handle of the cooler to pinch a consumer's digits between the tow handle and cooler during the normal, foreseeable use of the product, such as during the simple act of unloading the cooler from the back of a truck. FAC ¶¶ 35, 37. Defendant argues that Plaintiff must plead in

more detail how the cooler failed to meet minimum safety expectations because "there are any number of circumstances in which a consumer may anticipate pinching their finger" due to the consumer's own carelessness or error that would not support the existence of a design defect. Mot. at 5. Again, however, the Court finds that Defendant's desire for further details concerning the manner in which Plaintiff removed the cooler from the truck is better left for discovery. Plaintiff has plausibly alleged that an ordinary consumer would not expect their finger to be gravely injured when removing the cooler from their vehicle. Indeed, Plaintiff alleges that thousands of Defendant's coolers, including the subject cooler, were recalled after his injury due to numerous complaints of finger injuries substantially similar to his own as a result of the coolers' tow handles pinching consumers' fingertips against the coolers. Id. ¶ 26. This allegation substantiates Plaintiff's assertion that the risk posed by the tow handle exceeded the safety expectations of an ordinary consumer, as the risk was serious enough to warrant a mass recall.

Thus, the Court finds that Plaintiff has adequately alleged the existence of a design defect, and denies Defendant's motion dismiss Plaintiff's claims.

B. Plaintiff Adequately Pleads Causation

Defendant argues that Plaintiff also fails to adequately plead causation, as Plaintiff "continues to rely on rote speculation that a design defect necessarily caused his injury simply because the tow handle on the Cooler pinched his finger 'just as it did' in twelve reported injuries identified in the

Recall Notice." Mot. at 6. Defendant argues that the existence of a recall alone is insufficient to establish liability as, "based on Plaintiff's proffered theory, anyone who pinches their finger on the tow handle of a Recalled Cooler while removing the cooler from the bed of a truck necessarily does so because of a design defect in the cooler and not for any number of other reasons." Id. at 6-7. As such, Defendant argues Plaintiff's allegations of causation are purely speculative. Id. at 7.

The Court disagrees and finds that Plaintiff has plausibly pled causation. Under California law, "[a] product liability case must be based on substantial evidence establishing both the defect and causation (a substantial probability that the design defect, and not something else, caused the plaintiff's injury)[.]" Stephen v. Ford Motor Co., 134 Cal. App. 4th 1363, 1373 (2005)). Thus, a plaintiff advancing a design defect claim must "plausibly plead facts that, if true, would establish 'a causal relationship [cause in fact] between the defect and the injury.'" Taft v. Nabisco, No. CV 15-2685 DSF (MRWx), 2015 WL 12819144, at *1 (C.D. Cal. June 4, 2015), aff'd, 675 F. App'x 796 (9th Cir. 2017) (quoting Visueta v. Gen. Motors Corp., 234 Cal. App. 3d 1609, 1616 (1991)).

Here, Plaintiff pleads the cooler had a design defect, that the cooler was defective when Plaintiff purchased and used it, and that the defective cooler caused Plaintiff's injury. FAC ¶¶ 37-38, 44, 46. Plaintiff does not rely on the existence of the recall alone to establish causation; rather, the recall adds weight to Plaintiff's argument that the subject cooler was defective because it was recalled and had caused other injuries.

See, e.g., Valles v. Amazon.com LLC, No. 24-cv-06233-VC, 2025 WL 1635652, at *2 (N.D. Cal. June 9, 2025) (denying motion to dismiss design defect claim and noting "surely a product that produces terrible outcomes, even if that outcome only happens to some small percentage of the users, might still be indicative of a faulty design").

Construing these allegations in Plaintiff's favor, as the Court must at this stage, the Court finds that Plaintiff has plausibly pled causation. Thus, the Court declines to dismiss Plaintiff's claims.

## IV. ORDER

For the reasons above, Defendant's Motion to Dismiss (ECF No. 35) is DENIED. Defendant shall file its Answer to the Fourth Amended Complaint within twenty (20) days of this Order.

IT IS SO ORDERED.

Dated: August 19, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE